**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

KEVIN DONNELL MURPHY,   )
           )
   Plaintiff,     )
           )
  v.         )   Civil Action No. 26-00759 (UNA)
           )
           )
ROBERT F. KENNEDY, JR. *et al*.,  )
           )
   Defendants.   )

**<u>MEMORANDUM OPINION</u>**

Plaintiff, appearing *pro se*, sues U.S. Health and Human Services (HHS) Secretary Robert F. Kennedy, Jr., in his official capacity, and seeks leave to proceed *in forma pauperis* (IFP).  For the following reasons, the court grants Plaintiff's IFP motion and dismisses the complaint.

I.

Plaintiff, a Maryland resident, alleges that HHS "engaged in or authorized actions related to an alleged debt attributed to [him]" that have "restricted or threatened" his "ability to obtain or use a United States passport."  Compl., ECF No. 1 at 10, 11.  The restriction or threat thereof "interfered with Plaintiff's ability to travel internationally for personal and professional purposes," and occurred without "lawful certification or due process[.]"  *Id*. at 11.  As a result, Plaintiff "suffered emotional distress, financial loss, and ongoing harm."  *Id*.

This is not Plaintiff's first time asserting such.  As established by the U.S. District Court for the District of Maryland:

> By letter dated July 7, 2022, the U.S. State Department informed Plaintiff that he was ineligible to receive a passport because he was in arrears of child support. The letter described that, pursuant to Section 51.60(a)(2) of Title 22 of the Code of Federal Regulations, the Department of State could not issue a passport to Plaintiff

> because a state agency had notified HHS about Plaintiff's outstanding child support obligation, and HHS had certified this debt to the Department of State. The letter instructed Plaintiff to contact the appropriate state child support agency within 90 days to resolve the debt. By letter of February 7, 2023, the Department of State informed Plaintiff that his eligibility for a passport had not changed, and, accordingly, his passport application was denied.

*Murphy v. U.S. Dep't of Health and Human Services*, No. 1:24-cv-01592, 2025 WL 1455379, at *1 (D.Md. May 20, 2025) (record citations omitted)). Based on a developed record, the Maryland district court denied Plaintiff's motion for summary judgment and granted HHS's converted motion for summary judgment "on all claims." *See id*. at *4-10 (addressing each of "Plaintiff's alleged causes of action"). It also denied Plaintiff's post-judgment motions. *See generally Murphy*, 2025 WL 1837410 (D.Md. July 3, 2025). In affirming the district court's orders, the U.S. Court of Appeals for the Fourth Circuit found "no reversible error" and "accordingly" denied Plaintiff's "motions to declare his passport denial . . . unconstitutional[.]" *Murphy v. U.S. Dep't of Health & Human Services*, No 25-1773, 2025 WL 3451537 (4th Cir. Dec. 1, 2025) (per curiam). Two months later, on February 12, 2026, Plaintiff filed this civil action raising the same claims.

II.

Under the doctrine of res judicata, "successive litigation of an issue of fact or law actually litigated and resolved in a [prior] valid court determination" is precluded when it involves a party to the first case. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata'." *Id*. "A subsequent lawsuit is barred by claim preclusion 'if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction.' " *Nat. Res. Def. Council v. EPA*, 513 F.3d 257, 260 (D.C. Cir. 2008) (quoting *Smalls*

*v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006)).  Claim preclusion "prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated."  *Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.*, 590 U.S. 405, 412 (2020).

Because "res judicata belongs to courts as well as to litigants," this court may "consider the issue sua sponte."  *Stanton v. District of Columbia Court of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997); *see accord Rosendahl v. Nixon*, 360 F. App'x 167, 168 (D.C. Cir. 2010) (per curiam) (courts "may raise the res judicata preclusion defense sua sponte") (citing *Brown v. Dist. of Columbia*, 514 F.3d 1279, 1285-86 (D.C. Cir. 2008) (other citation omitted)).  The application of claim prelusion to this case is irrefutable.  In the Maryland case, as here, Plaintiff sued the HHS Secretary to "contest[] the certification of debt leading to the suspension of [his] passport" and claimed violations of the Constitution and federal laws.  Compl., No. 24-cv-1592, ECF No. 1 at 11-13.  The Maryland case arose from the same "nucleus of facts" alleged here, *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (citation omitted), and the claims were fully adjudicated on the merits by courts of competent jurisdiction.  *See Murphy*, 2025 WL 1837410, at *3 ("Plaintiff's claims [were] adjudicated in Defendants' favor.").  Therefore, this case, seeking another bite at the apple, will be dismissed by separate order.

_____/s/_____
TANYA S. CHUTKAN

Date:  June 16, 2026                                   United States District Judge